Michael Faillace [MF-8436]
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
PEDRO TORRES CASTILLO, *individually*
*and on behalf of others similarly situated,*

                *Plaintiff,*

         -against-

WOODHAVEN 99 CENTS
DYNASTY INC. (d/b/a 99 CENTS
DYNASTY), and HENRY DOE,

               *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Pedro Torres Castillo ("Plaintiff Torres "or "Mr. Torres "), individually and on behalf of others similarly situated, by and through his attorney, Michael Faillace Esq.., alleges upon information and belief, and as against each of defendants Woodhaven 99 Cents Dynasty Inc. (d/b/a 99 Cents Dynasty) ("Defendant Corporation") and Henry Doe (collectively, "Defendants"), as follows:

## NATURE OF ACTION

    1.    Plaintiff Torres is a former employee of Defendants Woodhaven 99 Cents Dynasty Inc. (d/b/a 99 Cents Dynasty) and Henry Doe.

    2.    99 Cents Dynasty is a retail store owned by Henry Doe, located at 90-14 Jamaica Avenue, Woodhaven, New York 11421.

3. Upon information and belief, Defendant Henry Doe serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the retail store.

4. Plaintiff Torres is a former employee of Defendants.

5. Plaintiff Torres was employed as a stocker and general store assistant.

6. At all times relevant to this Complaint, Plaintiff Torres worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Torres the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Torres the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Torres to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Torres now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL") and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order") including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Torres seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff De la Cruz's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Torres was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Pedro Torres Castillo ("Plaintiff Torres "or "Mr. Torres "), is an adult individual residing in Queens County, New York.

16. Plaintiff Torres was employed by Defendants from approximately February 5, 2020 until on or about October 25, 2024.

17. Plaintiff Torres consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a retail store located at 90-14 Jamaica Avenue, Woodhaven, New York 11421 under the name "99 Cents Dynasty".

19. Upon information and belief, Woodhaven 99 Cents Dynasty Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 90-14 Jamaica Avenue, Woodhaven, New York 11421.

20. Defendant Henry Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Henry Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Henry Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Henry Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Torres, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants operate a retail store located in the Woodhaven section of Queens in New York City.

24. Individual Defendant Henry Doe possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Torres' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Torres, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Torres, and all similarly situated individuals, and are Plaintiff Torres (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Torres and/or similarly situated individuals.

29. Upon information and belief, individual defendant Henry Doe operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

5

    (b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c)    transferring assets and debts freely as between all Defendants;

    (d)    operating Defendant Corporation for his own benefit as the sole or majority shareholder;

    (e)    operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f)    intermingling assets and debts of his own with Defendant Corporation;

    (g)    diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

    (h)    other actions evincing a failure to adhere to the corporate form.

30.    At all relevant times, Defendants were Plaintiff Torres's employers within the meaning of the FLSA and NYLL.

31.    Defendants had the power to hire and fire Plaintiff Torres, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Torres' services.

32.    In each year from 2020 to 2024, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the

retail store on a daily basis, such as wines and spirits, were produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Torres is a former employee of Defendants, employed in performing the duties of a stocker and store assistant.

35. Plaintiff Torres seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Pedro Torres Castillo*

36. Plaintiff Torres was employed by Defendants from approximately February 5, 2020 until October 25, 2024.

37. At all relevant times, Plaintiff Torres was employed by Defendants as a stocker and store assistant

38. Plaintiff Torres regularly handled goods in interstate commerce, such as food and other supplies produced outside of the State of New York.

39. Plaintiff Torres' work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Torres regularly worked in excess of 40 hours per week.

41. From approximately February 5, 2020 until on or about October 25, 2024, Plaintiff Torres worked from approximately 9:00 a.m. until on or about 8:30 p.m., Mondays through Saturdays; in addition, Defendants required Plaintiff Torres to start working at 7:00 a.m. or work until 9:00 p.m. twice a week (typically 69 to 72 hours per week).

7

42. Throughout his employment with defendants, Plaintiff Torres was paid his wages in cash.

43. From approximately February 5, 2020 until on or about June 2023, Plaintiff Torres was paid a fixed salary of $750 per week.

44. From approximately June 2023 until on or about December 2023, Plaintiff Torres was paid a fixed salary of $850 per week.

45. From approximately January 2024 until on or about October 25, 2024, Plaintiff Torres was paid a fixed salary of $950 per week.

46. Plaintiff Torres' pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

47. For example, Defendants required Plaintiff Torres to start working one hour prior to his scheduled start time and to continue working 30 minutes past his scheduled departure time twice a week without paying him any additional compensation for the additional time he worked.

48. Defendants did not provide Plaintiff Torres with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

49. Plaintiff Torres was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

50. Defendants never provided Plaintiff Torres with a written notice, in English and in Spanish (Plaintiff Torres' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Torres regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

53. Plaintiff Torres (and the FLSA Class members) have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

54. Defendants' pay practices resulted in Plaintiff Torres not receiving payment for all his hours worked, resulting in Plaintiff Torres's effective rate of pay falling below the required minimum wage rate.

55. Defendants habitually required Plaintiff Torres to work additional time beyond his regular shifts but did not provide him with any additional compensation.

56. Plaintiff Torres was paid his wages entirely in cash.

57. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Torres (and similarly situated individuals) worked, and to avoid paying Plaintiff Torres properly for his full hours worked.

59. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiff Torres and other similarly situated current and former workers.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Defendants failed to provide Plaintiff Torres and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63. Defendants failed to provide Plaintiff Torres and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Torres brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

65. At all relevant times, Plaintiff Torres and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Torres' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

66. The claims of Plaintiff Torres stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

67. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Torres' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Torres (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

74. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Torres' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Torres (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Torres (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

79. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff Torres (and the FLSA Class members) has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

81. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Torres' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and

fire Plaintiff Torres (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

83. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Torres (and the FLSA Class members) less than the minimum wage.

84. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Torres (and the FLSA Class Members) was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE
### LABOR LAW'S OVERTIME PROVISIONS

86. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Torres (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

88. Defendants failed to pay Plaintiff Torres (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

89. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Torres (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

91. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants have failed to pay Plaintiff Torres one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Torres's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

93. Defendants' failure to pay Plaintiff Torres an additional hour's pay for each day Plaintiff Torres's spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

94. Plaintiff Torres has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

92. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to provide Plaintiff Torres with a written notice, in English and

in Spanish (Plaintiff Torres' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants are liable to Plaintiff Torres in the amount of $5000, together with costs and attorney's fees.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

95.     Plaintiff Torres repeats and realleges all paragraphs above as though set forth fully herein.

96.     Defendants did not provide Plaintiff Torres with a statement of wages with each payment of wages, as required by NYLL 195(3).

97.     Defendants are liable to Plaintiff Torres in the amount of $5000, together with costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Torres respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Torres' in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Torres', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Torres and the FLSA class members;

(f) Awarding Plaintiff Torres and the FLSA class members damages for the amount of unpaid minimum AND overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Torres and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum AND overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Torres and the members of the FLSA Class

(i) Declaring that Defendants have violated the overtime wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiff Torres and the members of the FLSA Class;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Torres and the members of the FLSA Class;

(k) Declaring that Defendants have violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Torres', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law are willful as to Plaintiff Torres and the FLSA Class members;

(m) Awarding Plaintiff Torres and the FLSA class members damages for the amount of unpaid minimum AND overtime wages AND damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n) Awarding Plaintiff Torres damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Torres and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay AND overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p) Awarding Plaintiff Torres and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Torres and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (s) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
   March 21, 2025

               MICHAEL FAILLACE Esq.

            By:   /s/ Michael Faillace
               Michael Faillace [MF-8436]
               60 East 42nd Street, Suite 4510
               New York, New York 10165
               Telephone: (212) 317-1200
               Facsimile: (212) 317-1620
               *Attorneys for Plaintiffs*