**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

PEDRO TORRES CASTILLO, individually
and on behalf of all others similarly situated,

                         Plaintiff,

          v.

WOODHAVEN 99 CENTS DYNASTY INC. (d/b/a 99
CENTS DYNASTY), and HENRY YU,
                     Defendants.

-----------------------------------------------------------------X

Case No.   1:25-cv-01612-RML

**ANSWER WITH AFFIRMATIVE**
**DEFENSES AND**
**COUNTERCLAIMS**

Defendants WOODHAVEN 99 CENTS DYNASTY INC. (d/b/a 99 CENTS DYNASTY),

and HENRY YU, as an individual (hereinafter collectively "Defendants"), by and through their

undersigned attorneys, hereby provide their answer with affirmative defenses and counterclaims

to the Second Amended Complaint (hereinafter "Complaint") of Plaintiff PEDRO TORRES

CASTILLO (hereinafter "Plaintiff") and state as follows:

### AS TO "PRELIMINARY STATEMENT"

1.     **Paragraph 1** sets forth legal conclusions which do not require a response.

2.     Defendants deny any allegations in **Paragraph 2** of the Complaint.

3.     Defendants deny any allegations in **Paragraph 3** of the Complaint.

4.     Defendants deny any allegations in **Paragraph 4** of the Complaint.

5.     Defendants deny any allegations in **Paragraph 5** of the Complaint.

6.     **Paragraph 6** sets forth legal conclusions which do not require a response.

7.     Defendants deny any allegations in **Paragraph 7** of the Complaint.

8.     Defendants deny any allegations in **Paragraph 8** of the Complaint.

9.     Defendants deny any allegations in **Paragraph 9** of the Complain.

10.    Defendants deny any allegations in **Paragraph 10** of the Complaint.

11.    **Paragraph 11** sets forth legal conclusions which do not require a response.

12.    **Paragraph 12** sets forth legal conclusions which do not require a response.

## AS TO "JURISDICTION AND VENUE"

13.    **Paragraph 13** sets forth legal conclusions which do not require a response.

14.    **Paragraph 14** sets forth legal conclusions which do not require a response.

## AS TO "PARTIES"

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in **Paragraph 15** of the Complaint.

16.    Defendants deny any allegations in **Paragraph 16** of the Complaint.

17.    **Paragraph 17** sets forth legal conclusions which do not require a response.

18.    Defendants deny any allegations in **Paragraph 18** of the Complaint.

19.    **Paragraph 19** sets forth legal conclusions which do not require a response.

20.    Defendants deny any allegations in **Paragraph 20** of the Complaint.

21.    Defendants deny any allegations in **Paragraph 21** of the Complaint.

22.    Defendants deny any allegations in **Paragraph 22** of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

23.    Defendants deny any allegations in **Paragraph 23** of the Complaint.

24.    Defendants deny any allegations in **Paragraph 24** of the Complaint.

25.    Defendants deny any allegations in **Paragraph 25** of the Complaint.

26.    Defendants deny any allegations in **Paragraph 26** of the Complaint.

27.    Defendants deny any allegations in **Paragraph 27** of the Complaint.

28.    Defendants deny any allegations in **Paragraph 28** of the Complaint.

29.    Defendants deny any allegations in **Paragraph 29** of the Complaint.

30.    Defendants deny any allegations in **Paragraph 30** of the Complaint.

31.    Defendants deny any allegations in **Paragraph 31** of the Complaint.

32.    Defendants deny any allegations in **Paragraph 32** of the Complaint.

33.    Defendants deny any allegations in **Paragraph 33** of the Complaint.

34.    Defendants deny any allegations in **Paragraph 34** of the Complaint.

35.    **Paragraph 35** sets forth legal conclusions which do not require a response. To the extent a response is required, Defendants deny any allegations in **Paragraph 35** of the Complaint.

36.    Defendants deny any allegations in **Paragraph 36** of the Complaint.

37.    Defendants deny any allegations in **Paragraph 37** of the Complaint.

38.    Defendants deny any allegations in **Paragraph 38** of the Complaint.

39.    Defendants deny any allegations in **Paragraph 39** of the Complaint.

40.    Defendants deny any allegations in **Paragraph 40** of the Complaint.

41.    Defendants deny any allegations in **Paragraph 41** of the Complaint.

42.    Defendants deny any allegations in **Paragraph 42** of the Complaint.

43.    Defendants deny any allegations in **Paragraph 43** of the Complaint.

44.    Defendants deny any allegations in **Paragraph 44** of the Complaint.

45.    Defendants deny any allegations in **Paragraph 45** of the Complaint.

46.    Defendants deny any allegations in **Paragraph 46** of the Complaint.

47.    Defendants deny any allegations in **Paragraph 47** of the Complaint.

48.    Defendants deny any allegations in **Paragraph 48** of the Complaint.

49.    Defendants deny any allegations in **Paragraph 49** of the Complaint.

50.    Defendants deny any allegations in **Paragraph 50** of the Complaint.

51.    Defendants deny any allegations in **Paragraph 51** of the Complaint.

52.    Defendants deny any allegations in **Paragraph 52** of the Complaint.

53.    Defendants deny any allegations in **Paragraph 53** of the Complaint.

54.    Defendants deny any allegations in **Paragraph 54** of the Complaint.

55.    Defendants deny any allegations in **Paragraph 55** of the Complaint.

56.    Defendants deny any allegations in **Paragraph 56** of the Complaint.

57.    Defendants deny any allegations in **Paragraph 57** of the Complaint.

58.    Defendants deny any allegations in **Paragraph 58** of the Complaint.

59.    Defendants deny any allegations in **Paragraph 59** of the Complaint.

60.    Defendants deny any allegations in **Paragraph 60** of the Complaint.

61.    Defendants deny any allegations in **Paragraph 61** of the Complaint.

62.    Defendants deny any allegations in **Paragraph 62** of the Complaint.

63.    Defendants deny any allegations in **Paragraph 63** of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION CLAIMS"

64.    **Paragraph 64** sets forth legal conclusions which do not require a response. To the extent a response is required, Defendants deny any allegations in **Paragraph 64** of the Complaint.

65.    Defendants deny any allegations in **Paragraph 65** of the Complaint.

66.    Defendants deny any allegations in **Paragraph 66** of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

67.    Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

68.    Defendants deny any allegations in **Paragraph 68** of the Complaint.

69. Defendants admit allegations in **Paragraph 69** of the Complaint.

70. Defendants deny any allegations in **Paragraph 70** of the Complaint.

71. Defendants deny any allegations in **Paragraph 71** of the Complaint.

72. Defendants deny any allegations in **Paragraph 72** of the Complaint.

73. **Paragraph 73** sets forth legal conclusions which do not require a response. To the extent a response is required, Defendants deny any allegations in **Paragraph 73** of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

74. Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

75. Defendants deny any allegations in **Paragraph 75** of the Complaint.

76. Defendants admit allegations in **Paragraph 76** of the Complaint.

77. Defendants deny any allegations in **Paragraph 77** of the Complaint.

78. Defendants deny any allegations in **Paragraph 78** of the Complaint.

79. Defendants deny any allegations in **Paragraph 79** of the Complaint.

80. **Paragraph 80** sets forth legal conclusions which do not require a response. Defendants deny any allegations in **Paragraph 80** of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"

81. Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

82. Defendants deny any allegations in **Paragraph 82** of the Complaint.

83. Defendants deny any allegations in **Paragraph 83** of the Complaint.

84. Defendants deny any allegations in **Paragraph 82** of the Complaint.

85. **Paragraph 85** sets forth legal conclusions which do not require a response.

Defendants deny any allegations in **Paragraph 85** of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION"

86.    Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

87.    Defendants deny any allegations in **Paragraph 87** of the Complaint.

88.    Defendants deny any allegations in **Paragraph 88** of the Complaint.

89.    Defendants deny any allegations in **Paragraph 89** of the Complaint.

90.    **Paragraph 90** sets forth legal conclusions which do not require a response. Defendants deny any allegations in **Paragraph 90** of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION"

91.    Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

92.    Defendants deny any allegations in **Paragraph 92** of the Complaint.

93.    Defendants deny any allegations in **Paragraph 93** of the Complaint.

94.    **Paragraph 94** sets forth legal conclusions which do not require a response. Defendants deny any allegations in **Paragraph 94** of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION"

95.    Defendants repeat and reallege each and every response set forth above to the Complaint as though fully set forth herein.

96.    Defendants deny any allegations in **Paragraph 93** [*sic*] of the Complaint.

97.    Defendants deny any allegations in **Paragraph 94** [*sic*]of the Complaint.

## AS TO "SEVENTH CAUSE OF ACTION"

98.    Defendants repeat and reallege each and every response set forth above to the

Complaint as though fully set forth herein.

99. Defendants deny any allegations in **Paragraph 96**[*sic*] of the Complaint.

100. Defendants deny any allegations in **Paragraph 97**[*sic*] of the Complaint.

## AFFIRMATIVE DEFENSES

101. Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

102. Plaintiff's Complaint fails to state a cause of action as against the Defendants, upon which relief can be granted.

## SECOND DEFENSE

103. Defendants at all times acted in good faith and in the best interest of the business, and therefore, should not be liable for any alleged damages.

## THIRD DEFENSE

104. Plaintiff's alleged injuries and damage, if any, are speculative and cannot be shown to exist in fact.

## FOURTH DEFENSE

105. Plaintiff's alleged claims are barred, in whole or in part, by the doctrines of settlement, satisfaction, agreement, release, and/or set off because they received full compensation in a timely manner for any and all work allegedly performed.

**FIFTH DEFENSE**

106.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, offset, and/or unclean hands.

**SIXTH DEFENSE**

107.    Plaintiff's monetary claims may be barred, in whole or in part, because they have not appropriately nor adequately mitigated their alleged damages.

**SEVENTH DEFENSE**

108.    Defendants' actions regarding payroll practices and compliance with the Fair Labor Standards Act and New York Labor Law were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the statutes.

**EIGHTH DEFENSE**

109.    Any recovery should be offset by the amounts of tax credits and/or deductions available to the Plaintiff based on any of the transactions at issue.

**NINTH DEFENSE**

110.    Defendants, at all times, paid and provided working conditions to Plaintiff in accordance with all applicable state, federal, and local laws.

**COUNTERCLAIMS AGAINST PLAINTIFF**

1.    Pursuant to Rule 3019 of the Civil Practice Law and Rules, Defendants WOODHAVEN 99 CENTS DYNASTY INC. d/b/a 99 CENTS DYNASTY (hereinafter "the Company"), and HENRY YU, (hereinafter collectively "Counterclaims Plaintiffs") bring these counterclaims against Plaintiff PEDRO TORRES CASTILLO (hereinafter "Counterclaims Defendant" or "Counterclaims Defendant Castillo") and respectfully state:

8

## AS AND FOR A FIRST COUNTERCLAIM
### (Tortious Interference with Business Relationship)

2.      Upon information and belief, Counterclaims Defendant Castillo, while working as a store staff, engaged in a sustained pattern of dishonest and inappropriate conduct, including but not limited to consuming alcohol during business hours on an almost daily basis. As a result of this conduct, Castillo frequently performed his duties negligently, including placing incorrect price tags on merchandise and other operational errors. These actions led to customer complaints and financial losses to the Company.

3.      Counterclaim Plaintiffs maintained ongoing business relationships with customers that were reasonably expected to continue. Castillo's repeated misconduct disrupted these relationships by diminishing customer trust and satisfaction. Castillo's conduct was intentional or, at a minimum, carried out with reckless disregard for the foreseeable consequences to the business. His actions caused substantial interference with the Company's ability to maintain positive customer relationships and stable operations. As a direct and proximate result of this interference, Counterclaim Plaintiffs suffered economic harm, including loss of customer goodwill, diminished reputation, and financial losses.

4.      Accordingly, Counterclaim Plaintiffs seek recovery of damages, costs, and reasonable attorneys' fees from Counterclaim Defendant.

## AS AND FOR A SECOND COUNTERCLAIM
### (Unjust Enrichment)

5.      Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

6.      Despite repeated instances of misconduct during work hours, including working while impaired and making costly mistakes, Castillo retained the full benefit of his compensation

9

7.     Therefore, Counterclaims Plaintiffs seek restitution of compensation unjustly retained, along with damages, costs, and reasonable attorneys' fees.

<b>AS AND FOR A THIRD COUNTERCLAIM</b><br>(<b>Breach of Fiduciary Duty</b>)

8.     Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

9.     As an employee, Castillo owed a duty of loyalty and care to his employer. Through his repeated misconduct, which caused financial losses to the Company and operational disruption, Counterclaims Defendant acted in contrary to the interests of his employer, undermined the integrity of the employment relationship, and constituted a willful disregard of his obligations as an employee.

10.     Therefore, Counterclaims Plaintiffs seek recovery against Counterclaims Defendants of damages, costs, and reasonable attorneys' fees.

<b>AS AND FOR A FOURTH COUNTERCLAIM</b><br>(<b>Negligence</b>)

11.     Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

12.     As an employee, Counterclaim Defendant Castillo owed a duty of reasonable care and diligence in the performance of his job responsibilities, including maintaining sobriety and exercising sound judgment during work hours. Castillo breached this duty by regularly consuming alcohol during work hours, which impaired his ability to perform essential duties accurately and responsibly. This breach directly and proximately caused errors such as the mislabeling of merchandise and other operational disruptions, which led to customer complaints and financial loss.

13.    Therefore, Counterclaims Plaintiffs seek recovery against Counterclaims Defendant of damages, costs, and reasonable attorneys' fees.

## AS AND FOR A FIFTH COUNTERCLAIM
### (Breach of Covenant of Good Faith and Fair Dealing)

14.    Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

15.    Counterclaims Defendant Castillo's repeated on-the-job impairment and resulting errors reflect a lack of good faith and fair dealing in the performance of his employment duties.

16.    Therefore, Counterclaims Plaintiffs seek recovery against Counterclaims Defendants of damages, costs, and reasonable attorneys' fees.

## AS AND FOR A SIXTH COUNTERCLAIM
### (Breach of Contract)

17.    Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

18.    An implied contract of employment existed between the parties by reason of the employer-employee relationship. By committing misconduct and causing complaints from patrons, Counterclaims Defendant Castillo has breached the terms of the implied contract.

19.    Therefore, Counterclaim Plaintiffs have suffered damages as a result of breach of contract and are entitled to compensatory damages in an amount to be determined upon trial.

## AS AND FOR A SEVENTH COUNTERCLAIM
### (Faithless Employee Doctrine)

20.    Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

21.    During his employment, Counterclaim Defendant Castillo engaged in a pattern of

improper conduct, including but not limited to repeatedly failing to fulfill basic job responsibilities. These actions not only breached the terms of his employment but also undermined the trust and relationship between employer and employee. The Faithless Employee Doctrine requires that an employee who engages in such misconduct disgorge all compensation received during the course of his employment.

22.    Counterclaims Plaintiffs hereby seek judgment in an amount equal to all compensation paid to the Counterclaim Defendant during the period of misconduct.

## AS AND FOR A EIGHTH COUNTERCLAIM
### (Abuse Legal Process/ Frivolous Claims)

23.    Counterclaim Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth herein.

24.    Counterclaim Plaintiffs respectfully submit that the instant action is frivolous, baseless, and malicious and intended to harass the Counterclaim Plaintiffs as retaliation of termination.

25.    Therefore, Counterclaims Plaintiffs seek recovery against Counterclaims Defendant of damages, costs, and reasonable attorneys' fees.

## RESERVATION OF RIGHTS

26.    Defendants reserve their rights to amend this ANSWER and to raise additional affirmative defenses and counterclaims as necessary, upon completion of appropriate investigation and discovery, because Defendants presently have insufficient knowledge and information upon which to form a belief as to whether or not they may have additional, as yet unstated, separate and additional defenses available.

## DEFENDANTS' RELIEF REQUESTED

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief and request that:

A.    All the causes of action set forth and relief requested in the Amended Complaint be dismissed with prejudice in its entirety;

B.    the entry of a judgment in favor of Counterclaims Plaintiffs on their counterclaims, and for all damages, prejudgment and post-judgment interest, attorneys' fees, costs;

C.    and all other and further relief this Court deems necessary, just, proper and equitable.

## JURY TRIAL DEMAND

Defendants request a jury trial on all issues so triable in this action.

Dated:   Flushing, New York
         May 9, 2025

Respectfully Submitted,

HANG & ASSOCIATES, PLLC
By:   _/s/ *Yun Zhou*_____
Yun Zhou, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: yzhou@hanglaw.com
*Attorneys for Defendants/Counterclaim*
*Plaintiffs*

13